FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 FEB -5 AM 11:54

LORETTA G. WHYTE
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) CIVIL ACTION NO. 03-0356 |
| Plaintiff, | ) |
| v. | ) COMPLAINT ) SECT. T MAG. 1 |
| DILLARD DEPARTMENT STORES, INC. | ) JURY TRIAL DEMAND |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and age and to provide appropriate relief to Martha Ann Cordell, who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7 through 11 below, in July 2000, Respondent discharged Martha Ann Cordell, then age 48, from her Polo Specialist position and replaced her with a younger male.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964

1

Fee USA
Process
X Dktd
CtRmDep
Doc.No. 1

("Title VII"), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3); and, by Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant, Dillard Department Stores, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Louisiana and the City of Hammond, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h); and has continuously been an employer within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Martha Ann Cordell filed a charge with the Commission alleging violations of Title VII and the ADEA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      On or about July 22, 2000, Defendant Employer engaged in unlawful employment practices at its Hammond, Louisiana location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1); and, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). The unlawful practices included discharging Martha Ann Cordell, then age 48, from her "Polo Specialist" sales position, despite her eight- year record of exemplary performance and award-winning sales figures. Respondent subsequently replaced Martha Ann Cordell as the Polo Specialist with a male, then age 27. The younger employee had worked for Respondent in another department for fourteen months.

9.      The effect of the practices complained of in paragraph 8 above has been to deprive Martha Ann Cordell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and age.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional and willful.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Martha Ann Cordell.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from subjecting individuals to sex and age discrimination and engaging in any other employment practice which discriminates on the basis of sex and age against individuals 40 years of age and older.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Martha Ann Cordell, by providing appropriate affirmative relief necessary to eradicate the effects of its unlawful employment practices, including appropriate backpay in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgement interest, in amounts to be determined at trial.

D.   Order Defendant Employer to make whole Martha Ann Cordell by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including but not limited to medical expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Martha Ann Cordell by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F.   Order Defendant Employer to pay Martha Ann Cordell punitive damages for its malicious and reckless conduct, as described in paragraph 8 above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this 31st day of January, 2003.

UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GWENDOLYN YOUNG REAMS
Associate General Counsel
No Bar Roll Number Assigned

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

_____
KEITH T. HILL
Regional Attorney
Bar Roll No. 15200000

_____
JEFFREY A. AGULAR
Supervisory Trial Attorney
Bar Roll No. 02355

_____
ERANIA EBRON
Senior Trial Attorney
No Bar Roll Number Assigned

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113-9936
Telephone:  (504) 589-6817 (Hill)
                (504) 589-6950 (Agular)
                (504) 589-3539 (Ebron)
Facsimile:   (504) 589-2805

Please Serve:

C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809

Registered Agent for Service of Process