FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2003 DEC 17 PM 2:11
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § | **CIVIL ACTION NO. 03-0356** |
| | § | |
| **Plaintiff** | § | **DIVISION "F"** |
| | § | **JUDGE FELDMAN** |
| **v.** | § | |
| | § | |
| **THE HIGBEE COMPANY D/B/A DILLARD DEPARTMENT STORES, INC.,** | § | **MAG. NO. 1** |
| | § | **MAG. SHUSHAN** |
| | § | |
| **Defendant** | § | |

**EX PARTE CONSENT MOTION TO DISMISS COMPLAINT**

NOW COMES Plaintiff U. S. Equal Employment Opportunity Commission ("EEOC") and moves this Court to dismiss its Complaint, with prejudice, because the EEOC and the Defendant have entered into a Settlement Agreement that resolves the entire dispute between the EEOC and the Defendant without the necessity of a court-imposed decree. In support of this dismissal, undersigned counsel for EEOC attaches a true copy of the Settlement Agreement between EEOC and the Defendant, which acknowledges and preserves the Intervention of Plaintiff-Intervenor Martha Ann Cordell. Accordingly, the EEOC moves this Court to dismiss



DATE OF ENTRY
DEC 24 2003

___ Fee
___ Process
X Dktd
✓ CtRmDep
___ Doc. No. 32

the EEOC's Complaint, with prejudice to the EEOC and preservation of the Complaint in Intervention, with each party to the Settlement Agreement to bear its own costs and attorney's fees.

ERIC S. DREIBAND
General Counsel
No Bar Roll Number Assigned

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate Deputy Counsel

KEITH T. HILL
Regional Attorney
E.D. Bar Roll No. 15200000

MICHELLE T. BUTLER
Supervisory Trial Attorney
E.D. Bar Roll No. 1286

N. Eleanor Graham

N. ELEANOR GRAHAM
Senior Trial Attorney
E. D. Bar Roll No. 16946
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113
Telephone: (504) 589-6922
(504) 589-6817
Telefax: (504) 589-2805

**CERTIFICATE OF SERVICE**

I, N. Eleanor Graham, hereby certify by my signature that I have served the foregoing pleading on all counsel of record, properly addressed, by first-class United States mail, this 17th day of December, 2003.

N. Eleanor Graham

N. Eleanor Graham

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § § | **CIVIL ACTION NO. 03-0356** |
| | § | |
| **Plaintiff** | § § | **DIVISION "F" JUDGE FELDMAN** |
| **v.** | § § | |
| **THE HIGBEE COMPANY D/B/A DILLARD DEPARTMENT STORES, INC.,** | § § | **MAG. NO. 1 MAG. SHUSHAN** |
| | § | |
| **Defendant** | § | |

**SETTLEMENT AGREEMENT**

On January 31, 2003 the Equal Employment Opportunity Commission ("the Commission") instituted Civil Action Number 03-0356 in the United States District Court for the Eastern District of Louisiana, charging Defendant The Higbee Company d/b/a/ Dillard Department Stores, Inc. (" Dillard") with violation of Section 703(a)(1) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a)(1)("Title VII"), and of Section 4(a)(1)

of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1)("ADEA"), and alleging that Dillard discriminated against Ms. Martha Ann Cordell ("Martha Cordell" or "Ms. Cordell") by discharging and replacing her because of her sex and age. On April 21, 2003 Ms. Cordell filed a Complaint in Intervention in this Civil Action against Dillard. Dillard filed Answers denying the allegations made by the Commission and Cordell. The Commission and Dillard now wish to resolve all claims and controversies encompassed by this lawsuit without the burden, expense or delay of further litigation and without the approval of this Court.

Accordingly, it is hereby agreed between the Commission and Dillard that:

1. This Court has jurisdiction over the subject matter of this lawsuit and over the parties to this lawsuit.

2. The purposes of Title VII and ADEA will be furthered by the entry of this Agreement, the terms of which constitute a fair and equitable settlement.

3. This Agreement will resolve any and all claims under Title VII and ADEA brought by the Commission against Dillard arising out of Commission Charge Number 270-A1-1666 and this lawsuit, Civil Action Number 03-0356.

4. Further, the parties expressly acknowledge and agree that this Agreement relates only to those claims brought under Title VII and ADEA which were raised in Commission Charge Number 270-A1-1666 and by the Commission's suit. The parties also acknowledge and agree that this Agreement does not relate to or purport to settle any individual claims of Martha Ann Cordell as Plaintiff-Intervenor in the Commission's suit; and the parties acknowledge that due to Ms. Cordell's intervention in the Commission's suit, any monetary and individual relief that may be obtained by her against Dillard in that action shall be incorporated by reference into

this Agreement between the Commission and Dillard as constituting any relief that the Commission would seek on her behalf arising out of any and all claims raised by Commission Charge Number 270-A1-0553 and the Commission's suit.

5. Neither the negotiation nor execution of this Agreement shall constitute an acknowledgment or admission of any kind by Dillard that its officers, agents or employees have violated or have not been in compliance with Title VII, ADEA or with any other applicable law, regulation or order.

6. Dillard agrees to comply with all requirements of Title VII and ADEA. Dillard agrees not to discriminate on the basis of sex and gender in all phases of employment, including recruitment, application, job screening and testing, assignment, promotion, training, discharge, and all terms, conditions or privileges of employment. Dillard agrees not to discriminate or retaliate against any person because of opposition to any practice declared unlawful under Title VII or ADEA or because of the filing of a charge, giving of testimony or assistance or participation in any manner in any investigation, proceeding, or hearing under Title VII or ADEA.

7. Dillard agrees to conduct a training program on Title VII and ADEA for all its managers and supervisors employed at its Hammond, Louisiana store. This training program shall include the topics of what constitutes sex discrimination and age discrimination in discharge decisions and will take place within six months of the execution of this Agreement. Dillard or its counsel will provide the Commission's New Orleans District Office Regional Attorney with a report including the date(s) training occurred, the names and positions of those who attended the training, and a summary of the subject matter covered during the training

session(s).

8. In accordance with federal anti-discrimination laws that are enforced by the Commission, Dillard agrees to post conspicuously the Commission's poster entitled: "Equal Employment Opportunity Is The Law" in prominent and accessible places, where it can be readily observed by employees and applicants for employment in all Louisiana office locations for Dillard.

9. Dillard agrees to maintain its anti-discrimination policy, which includes a prohibition against discrimination on the basis of sex and age, and to distribute any updates to that policy to all of Dillard's Louisiana-based employees. Dillard has already provided the Commission with a copy of its current anti-discrimination policy.

10. Should any provision of this Settlement Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms and provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Settlement Agreement.

11. The Commission and Dillard will each bear its own attorneys' fees and costs incurred in connection with the litigation of this lawsuit.

12. This Agreement sets forth the entire agreement between the Commission and Dillard; and it fully supersedes any and all prior agreements or understandings between these same parties pertaining to the subject matter herein. There are no other provisions, agreements or understandings that are contained herein; and this Settlement Agreement cannot be altered by oral agreement.

Date: 12/17/03

ERIC S. DREIBAND
General Counsel
No Bar Roll Number

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

KEITH T. HILL
Regional Attorney
E.D. Bar Roll Number 15200000

MICHELLE T. BUTLER
Supervisory Trial Attorney
E.D. Bar Roll Number 1286

N. ELEANOR GRAHAM
Senior Trial Attorney
E.D. Bar Roll Number 16946

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans District Office
701 Loyola Avenue
Suite 600
New Orleans, LA 70113
Telephone: (504) 589-6922
(504) 589-6817
Facsimile: (504) 589-2805

LEWIS FISHER HENDERSON
CLAXTON & MULROY, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone: (901) 767-6160
Facsimile: (901) 767-7411

By: ______________________
Frederick J. Lewis
Whitney K. Fogerty
Craig A. Cowart
E.D. Bar Roll Number 25012

**ATTORNEYS FOR DEFENDANT**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | § | **CIVIL ACTION NO. 03-0356** |
| **Plaintiff** | § | **DIVISION "F" JUDGE FELDMAN** |
| **v.** | § | |
| **THE HIGBEE COMPANY D/B/A DILLARD DEPARTMENT STORES, INC.,** | § | **MAG. NO. 1 MAG. SHUSHAN** |
| **Defendant** | § | |

**ORDER**

CONSIDERING the Ex Parte Consent Motion to Dismiss that was filed by Plaintiff U.S. Equal Employment Opportunity Commission, it is hereby

**ORDERED** that Plaintiff's Complaint is dismissed, with prejudice, that Plaintiff and Defendant will each bear their own costs and attorney's fees, and that the Complaint in Intervention of Martha Ann Cordell is preserved.

Signed at New Orleans, Louisiana this 22d day of December, 2003.

Martin L. C. Feldman
UNITED STATES DISTRICT JUDGE